[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a personal injury action in which plaintiff seeks to recover for damages sustained when he fell off a skateboard which he was riding on defendant's driveway, which he alleges to have been dangerous and defective.
Defendant moves for summary judgment on the basis of Conn. Gen. Stats. 52-557g.(b), which reads as follows:
 Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial CT Page 6837 service any person to use the land, or or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
"Recreational purposes" is defined in Conn. Gen. Stats. 52-557f.(4) as follows:
 "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
Defendants have filed affidavits alleging that they permitted the plaintiff to use their driveway for skateboarding without charge, and that he voluntarily used their land to skateboard. They claim further that even though Conn. Gen. Stats. 51-557f. (4) defining "recreational purposes" does not specifically list skateboarding, the listing is not exclusive and 52-557g.(b) protects the defendant from liability in this situation. No case has been drawn to our attention which interprets 52-557g.(b).
We do not share defendant's view, because we read the statute as applying to land being used for recreational use exclusively and not to residential property being used for recreational purposes incident to its primary use as a residence. To adopt defendant's view would make the statute applicable to the occasional game of horseshoes or badminton being played at a backyard picnic shared by neighbors, or indeed to a dart game on a back porch. Moreover, we cannot agree that skateboarding on a driveway can properly be inferred to belong under any extended list of activities to be added on the specific recreational purposes defined use under 52-557f.(4) because the list is preceded by the phrase "includes, but not limited to." CT Page 6838
We reach this conclusion without interpreting52-557g.(b) as being within the scope of 52-557g.(a) which limits the statute to land made available to the public without charge, although that construction, urged by the plaintiff, is possible.
Motion for Summary Judgment denied.
WAGNER, J.